**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MICHELINE HENRY** individually, and as mother and next of [sic] friend, of **ANNIESHA MONDESIR**,<br><br>　　　　　　　　　　**Plaintiffs**,<br>　　v.<br><br>**KMART CORPORATION**,<br><br>　　　　　　　　　　**Defendant**. | 2004-CV-0096 |

**TO:**　Lee J. Rohn, Esq.
　　　　Daryl C. Barnes, Esq.

### ORDER REGARDING PLAINTIFF'S [sic] MOTION TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Plaintiff's [sic] Motion to Compel Defendant For Complete Responses to Demand For Production of Documents (Docket No. 58).

Issue No. 1 concerns three (3) separate demands where Plaintiffs contend that Defendant claimed a privilege when responding but failed to provide a privilege log. Defendant counters that it produced all responsive documents and did not withhold any documents, despite its precautionary assertion of privilege. The Court accepts Defendant's representations that it has produced all responsive documents and finds that Defendant

*Henry v. Kmart Corp.*
2004-CV-0096
Order Regarding Plaintiffs' Motion to Compel
Page 2

has responded adequately and no further response is required to Demands For Production Nos. 14, 17, and 20.

In response to Demand For Production No. 15, which is the subject of Issue No. 2, Defendant stated that the only document responsive to this request had already been produced as part of its Rule 26 voluntary disclosure. Despite Plaintiffs' belief that other documents exist, Defendant insists that it has fully responded to the demand. Obviously, Defendant cannot be ordered to produce documents it does not have or that do not exist. The Court finds that Defendant has responded adequately, and no further response is required.

With regard to Issue No. 3, Defendant stated that it has responded adequately to Demand For Production No. 19 by listing cases in which the claimants have asserted complaints substantially similar to Plaintiffs' claims in this matter and that, since counsel for Plaintiffs already is in possession of the documents in those cases it need not re-produce the responsive documents. The Court finds Defendant's assertion equivalent to the objection that the information is equally available. As a general rule, equal availability of information is not a ground for objection or resisting production. *See, e.g., St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000); *Swarthmore Radiation Oncology, Inc. v. Lapes,* Civil No. 92-3055, 1993 WL 517734 at * 2, 3

*Henry v. Kmart Corp.*
2004-CV-0096
Order Regarding Plaintiffs' Motion to Compel
Page 3

(E.D.Pa. Dec. 1, 1993). However, amendments to the original Rule 26 adopt a proportionality principle. Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice and Procedure, Civil 2d* §§ 2008.1, 2014 (1994) (now contained within Rule 26(b)(2)). The Court may, within its discretion, limit discovery that "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(i). While, arguably, some of the documents and information sought may be a matter of public record as well as in the possession of Plaintiffs' counsel, the Court finds that obtaining the same is not *more* convenient or *less* burdensome. Therefore, the Court finds the mere listing of cases by party name insufficient and will order Defendant to supplement its response with the appropriate documents.

Issue No. 4 concerns Demand For Production No. 23. Plaintiffs have clarified that they are requesting the table of contents to Defendant's Loss Prevention Handbook. Defendant has not specified how the table of contents constitutes confidential proprietary information. Consequently, the Court finds that the table of contents is discoverable and will order Defendant to produce it.

Based upon the foregoing, it is now hereby **ORDERED**:

*Henry v. Kmart Corp.*
2004-CV-0096
Order Regarding Plaintiffs' Motion to Compel
Page 4

1. Plaintiff's [sic] Motion to Compel Defendant For Complete Responses to Demand For Production of Documents (Docket No. 58) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant shall supplement its response to Demand For Production of Documents No. 19, within ten (10) days from the date of entry of this Order.

3. Defendant shall supplement its response to Demand For Production of Documents No. 23 by producing the table of contents to its Loss Prevention Handbook, within ten (10) days from the date of entry of this Order.

ENTER:

Dated: August 8, 2007          /s/
                               GEORGE W. CANNON, JR.
                               U.S. MAGISTRATE JUDGE