**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| MICHELINE HENRY individually, and as mother and next of friend of ANNIESHA MONDESIR, <br><br>                Plaintiff, <br>   v. <br><br>KMART CORPORATION, <br>                Defendant. | 2004-CV-0096 |

**TO:**   Lee J. Rohn, Esq.
        Wilfredo A. Geigel, Esq.

### ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS FOR FAILURE TO ATTEND MEDIATION

THIS MATTER came before the Court upon Plaintiffs Micheline Henry and Anniesha Mondesir's Motion for Sanctions for Failure to Attend Mediation (Docket No. 89). Defendant Kmart Corporation has filed a response in opposition (Docket No. 96). The time for filing a reply has expired.

Plaintiffs claim they traveled from Florida to St. Croix for a scheduled mediation on March 24, 2008. Motion at 2. Moreover, Plaintiffs claim that on the same day as their travel to St. Croix, their counsel received a letter from AMI dated March 6, 2008, in which Defendant Kmart Corporation canceled the mediation. *Id.* As a result, Plaintiffs

*Henry v. Kmart*
2004-CV-0096
Order Denying Plaintiffs' Motion for Sanctions
Page 2

request that the Defendant be sanctioned in the amount of $874.58 in expenses and $1200.00 in attorney fees.  *Id.*

In response, Kmart Corporation says it timely cancelled the mediation on March 6, 2008, by sending a letter to AMI with a copy to Plaintiffs' counsel.  Response at 2.  Furthermore, Kmart Corporation claims it cancelled the mediation because counsel for Plaintiffs had opposed said Defendant's representative in a mediation in another case.  As a result, Kmart Corporation claims it needed more time to schedule a mediation with a higher ranking representative in the Kmart Corporation in order to avoid a motion for sanctions for failure to mediate due to an unauthorized representative.  *Id.*

The rules of mediation are governed by Local Rules of Civil Procedure 3.2.  Rule 3.2(f)(2) states that "[i]f a party, without good cause, fails to appear at a duly noticed mediation conference or fails to participate in the mediation in good faith, the Court shall impose sanctions . . . ."  *Id.*  Here, Kmart Corporation did not just randomly fail to appear at the mediation.  In fact, said Defendant sent a letter dated March 6, 2008, cancelling the mediation.  Defendants attempted to notify Plaintiffs of the cancellation prior to Plaintiffs' receipt of AMI's notice on March 24, 2008.  Thus, the Court declines to find that Defendant failed to appear without good cause.

*Henry v. Kmart*
2004-CV-0096
Order Denying Plaintiffs' Motion for Sanctions
Page 3

      Accordingly, it is now hereby **ORDERED** that Plaintiffs' Motion for Sanctions for Failure to Attend Mediation(Docket No. 89) is **DENIED**.

                                    ENTER:

Dated: July 21, 2008                                /s/
                                                            GEORGE W. CANNON, JR.
                                                            U.S. MAGISTRATE JUDGE